17-1051-cv
Moza v. New York City Health

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of April, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
                 *Circuit Judges*,
             ERIC N. VITALIANO,[1]
                 *District Judge*.

_____

NASHAAT MOZA,

                         *Plaintiff-Appellant*,

              v.                                              17-1051-cv

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,
KINGS COUNTY HOSPITAL CENTER, ROBERT BERDING,
NATALIE WOLL,

                         *Defendants-Appellees*.

_____

Appearing for Appellant:      Stephen Bergstein, Bergstein & Ulrich, LLP, New Paltz, N.Y.

Appearing for Appellees:      Julie Steiner, Assistant Corporation Counsel (Richard Dearing,
                              Scott Shorr, Assistant Corporation Counsel, *on the brief*) *for*

_____

[1] Judge Eric N. Vitaliano, United States District Court for the Eastern District of New York.

Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED.**

Plaintiff-Appellant Nashaat Moza appeals from an opinion and judgment entered on April 4, 2017, in the United States District Court for the Eastern District of New York (Glasser, *J.*), granting Defendants-Appellees' motion for summary judgment and dismissing Moza's complaint in its entirety. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Moza argues that the district court erred in granting summary judgment to Defendants-Appellees because he demonstrated the existence of a triable fact issue as to whether Defendants-Appellees' proffered reason for his dismissal was pretext. We agree.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). Summary judgment must be granted to the movant "if the pleadings, the discovery and disclosure materials on the files, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(c).

We analyze Moza's federal claims under the three-step *McDonnell Douglas* burden-shifting framework, in which the employee must present a prima facie case of discrimination, shifting the burden to the employer to articulate a legitimate, non-discriminatory reason for its actions, at which point the burden shifts back to the employee to show that the employer's explanation is pretext for discrimination. *See, e.g., Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). We analyze Moza's New York City Human Rights Law ("NYCHRL") claim separately, "construing [its] provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (internal quotation marks omitted).

The district court held, and Defendants-Appellees essentially concede, that Moza satisfied the requirements of a prima facie employment discrimination case. Defendants-Appellees have cited poor work performance as a legitimate, non-discriminatory basis for dismissal. Accordingly, the central issue on appeal is pretext.

Moza has demonstrated the existence of a triable fact issue as to whether Defendants-Appellees' proffered reason for his dismissal was mere pretext. In both his district court complaint and in an exhibit to Moza's complaint to the New York State Division of Human

2

Rights, Moza asserts that he heard Defendant-Appellee Natalie Woll state on the phone that she "know[s] how to terminate this stupid Egyptian guy." (App'x at 399.) Moza also provided other evidence of discriminatory animus towards him, including additional comments of Woll. (App'x at 17, 439.) It is for the jury to determine whether to credit Moza's account. *See Owens v. New York City Housing Auth.*, 934 F.2d 405, 410 (2d Cir. 1991). Accordingly, we vacate the district court's grant of summary judgment as to Moza's federal claims that he was discriminated against on the basis of his race or ethnicity. For the same reason, we vacate the district court's grant of summary judgment as to Moza's NYCHRL claims that he was discriminated against on the basis of his race, ethnicity, or national origin.

Thus, we hereby VACATE the district court's April 4, 2017 judgment and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3